Filed 3/26/21  P. v. Range CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>WILLIE ELIJHA RANGE,<br><br>     Defendant and Appellant. | A158852<br><br>(Contra Costa County<br>Superior Court No. 5-933859-1) |

**MEMORANDUM OPINION**[1]

In 1994, a jury convicted defendant Willie Elijha Range of the second degree murder of a child, R.M. III (Pen. Code[2], § 187, subd. (a)); the attempted murder of R.M. II (§§ 187, subd, (a), 664); assault with a deadly weapon on another child, M.M. (§ 245, subd. (a)(2)); and shooting at an occupied vehicle (§ 246).  After remanding twice to address sentencing errors, we affirmed the convictions in *People v. Range* (May 27, 1997, A076664) (nonpub. opn.).  In that opinion, we noted that "[a]ll offenses stemmed from an incident in Richmond in 1993, when words were exchanged between [defendant] and [R.M. II], and [defendant] fired eight or nine shots into the van [R.M. II], was driving, hitting all three victims."

_____

[1] We resolve this case by a memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

[2] Undesignated statutory references are to the Penal Code.

1

On February 5, 2019, defendant filed a form petition pursuant to Penal Code section 1170.95, checking boxes to allege that he had been convicted of murder pursuant to the felony murder rule or natural and probable consequences doctrine. After appointing counsel and reviewing the briefing, the trial court denied defendant's petition in a lengthy order, finding that defendant had failed to establish that he could not now be convicted of second degree murder as the crime is now defined under sections 188 and 189. Relying on the undisputed record of defendant's conviction—including our earlier opinion and the jury instructions—the court reasoned that defendant was not entitled to relief under section 1170.95 because he was the "only shooter" and the jury was not instructed on either the felony murder theory of liability or the natural and probable consequences doctrine.

Defendant's counsel filed an opening brief asking that this court conduct an independent review of the record for arguable issues—i.e., those that are not frivolous, as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also informed defendant that he had the right to file a supplemental brief on his own behalf, but defendant declined to do so.

Defendant's counsel's brief correctly recognizes that recent cases have held we are not required to conduct a *Wende* review on a denial of a petition seeking postconviction relief pursuant to section 1170.95. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031–1032, review granted Oct. 14, 2020, S264278 (*Cole*); *People v. Figueras* (2021) 61 Cal.App.5th 108 (*Figueras*) [following *Cole*].) Counsel requests, however, that we exercise our discretion to conduct an independent review pursuant to *People v. Flores* (2020) 54 Cal.App.5th 266, 269 (*Flores*), which held that "in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not

required to independently review the entire record, but the court can and should do so in the interests of justice."

We agree with *Cole* and *Figueras*, as well as with the reasoning of *People v. Freeman* (2021) 61 Cal.App.5th 126, 136 in which another panel of this Division declined to extend *Wende* review to an order revoking a defendant's post-release community supervision because such an order is "not a direct appeal from a judgment of conviction." As defendant has failed to file a supplemental brief raising any issues for our review, we shall dismiss the appeal. (*Cole, supra,* 52 Cal.App.5th at p. 1028 [court may "dismiss [an] appeal as abandoned" when counsel files a *Wende* brief and defendant fails to file a supplemental brief].)

We briefly note, however, that the result would be no different if we exercised our discretion to conduct an independent review of the denial of defendant's section 1170.95 petition. (*People v. Flores, supra,* 54 Cal.App.5th at p. 269.) Senate Bill No. 1437 (2017–2018 Reg. Sess.), which added section 1170.95 to the Penal Code, "significantly modif[ied] the law relating to accomplice liability for murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 325, review granted Mar. 18, 2020, S260493.) The legislation " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) But the changes to the felony murder rule and the elimination of the natural and probable consequences doctrine as it relates to murder have no effect on defendant's murder conviction. The undisputed facts in the record establish that the trial

court correctly determined that defendant is not entitled to relief under section 1170.95 because he was the "only shooter," and the jury was never instructed on either felony murder or the natural and probable consequences doctrine as it pertains to aiding and abetting liability.

## DISPOSITION

The appeal is dismissed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Range* (A158852)